Michael Patrick Doyle (# 029400)
Patrick M. Dennis (# 029533)
**DOYLE LLP**
2633 E. Indian School Road, Suite 320
Phoenix, Arizona 85016
Phone: (480) 447-2494
Fax: (480) 685-5005
service@doylelawfirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Castillo Robles,<br><br>Plaintiff,<br><br>v.<br><br>American Zurich Insurance Company, Sedgwick Claims Management Services, Inc., and Shelly Stephens,<br><br>Defendants. | Case No.: CV-19-05863-PHX-DJH<br><br>**Joint Discovery Dispute Statement Regarding the Deposition of Shelly Stephens** |

The Parties file this Joint Discovery Dispute Statement Regarding the Deposition of Shelly Stephens and associated discovery:

**Plaintiff's Position**

Plaintiff seeks the Court's assistance in obtaining the continued Deposition of Shelly Stephens and attendant written discovery, following Defendants' premature, without-cause termination of her deposition on June 18, 2020. As described further below, Stephens's deposition was terminated after she provided what appears to be untruthful testimony in response to a generic question about her criminal background.

During the deposition of Shelly Stephens, on June 18, 2020, Ms. Stephens and Defendants' Counsel abruptly left the deposition, over Plaintiff's objection, after Stephens testified that she had never been charged with or convicted of a crime and then refused to respond to Plaintiff's question on whether she had ever been alleged to have committed a

crime. After several minutes, Defendants' Counsel returned to notify Plaintiff's Counsel that she was terminating the deposition. Defendants' Counsel refused to identify the basis for termination of the deposition, but indicated that the reason for termination of the deposition was not caused by any of Plaintiff's Counsel's questions.

Based on publicly available documents from the State of Utah Department of Corrections, it appears that Defendants improperly terminated the deposition because Stephens provided untruthful testimony regarding her 2017 conviction of a 3rd Degree Felony (for Unlawful Sexual Conduct With a 16 or 17 Year Old). See https://www.icrimewatch.net/offenderdetails.php?OfndrID=2393174&AgencyID=54438. Ms. Stephens also is listed as a registered offender for this offense, based upon online resources: https://www.homefacts.com/offender-detail/UT2393174/Shelly-Stephens.html. Finally, Stephens may have violated her parole for this offense through a subsequent offense. https://www.policearrests.com/names/shelly/stephens/.

Ms. Stephens's apparent untruthful testimony about this conviction (and subsequent charge) is a serious issue and was not cause for termination of the deposition. As such, Plaintiff requests the Court's assistance in ensuring that the following discovery occurs (with the Court's fact discovery deadline approaching on July 3, 2020, to be extended by Stipulation, Doc. No. 45):

- The continued deposition of Ms. Stephens (by video conference), with costs of the deposition to be borne by Defendants;
- Production of Employment Materials – Plaintiff's Request for Production No. 7 (attached as Exhibit A) seeks Ms. Stephens's personnel file materials. Because of her untruthful testimony about her prior conviction, Plaintiff needs to confirm that Defendants will produce her personnel file, including her employment application, resumes/CV, background checks, criminal background checks, adjuster licenses/certifications, references, and applications for and renewals of adjuster licenses/certifications, all of which go to her: (1) credibility in her under oath testimony in this case, (2) credibility in applying for adjuster licenses in Arizona and other states (based upon the fact that disclosing a felony may have made her ineligible to obtain a license under Ariz. Rev. Stat. § 20-295), and (3) credibility about her background in obtaining employment with Sedgwick after she committed a felony. Further discovery

with respect to this issue is also the subject of Plaintiff's Third Requests for Production. Exhibit C.

**Defendants' Position:**

Defendants agree to continue with the deposition of Shelly Stephens, to the extent additional expenses are incurred, aside from those normally incurred to conduct a deposition, Defendants agree to reimburse those costs. Defendants have further agreed to extend the discovery deadline to accommodate the completion of discovery and accordingly, the parties have moved for an Order extending the discovery deadlines. [Doc. 45]

Plaintiff alleges that Defendants, through Shelly Stephens, inappropriately handled his claim for workers' compensation benefits by denying his claim after he waited over six months to report his workplace injury and was claiming additional body parts as being injured. Although the ICA found Plaintiff's claim to be compensable, it denied the additional body parts being claimed by Plaintiff. Defendants have produced Ms. Stephen's performance evaluations in response to Plaintiff's requests for production. Defendant objects to producing any other additional personnel related documents. Courts across the country have upheld a person's right to privacy in the wake of a request for their personnel file. *Whittingham v. Amherst College*, 164 F.R.D. 124, 127–28, 106 Ed. Law Rep. 173 (D. Mass. 1995). In *American Bankers Ins. Co. of Fla. v. Wheeler*, 711 So. 2d 1347, 1348 (Fla. Dist. Ct. App. 5th Dist. 1998), the court held that an insured alleging bad faith by an insurer was not entitled to discovery of the insurance adjuster's personnel file. In further support, in *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000), the Tenth Circuit Court of Appeals held a district court did not abuse its discretion in refusing to compel production of a hospital's personnel file notes evincing occasions when a resident physician was criticized. The court in *In re Sunrise Securities Litigation*, 130 F.R.D. 560, 580 (E.D. Pa. 1989), held that the discovery of personnel records was permissible only if: "(1) the material sought is 'clearly relevant,' and (2) the need for discovery is compelling because the information sought is not otherwise readily

obtainable." Production of additional documents from Ms. Stephen's personnel file are irrelevant. An unrelated crime committed before her employment and to which she served her time does not make these documents relevant for purposes of Plaintiff's claim.

Defendants submit that the discovery dispute related to Plaintiff's Third set of Requests for Production is premature; Plaintiff just served their requests ten (10) days ago. Defendants have promised responses in due course and should a discovery dispute arise, the parties will engage the Court to resolve in the event the parties are unable to do so.

Dated this 29th day of June, 2020

**DOYLE LLP**

/s/ Patrick M. Dennis
Patrick M. Dennis
2633 E. Indian School Road, Suite 320
Phoenix, Arizona 85016
Phone:  (480) 447-2494
Fax:  (480) 685-5005
service@doylelawfirm.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to Counsel of Record.

By: /s/Patrick M. Dennis

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse.  The parties' written exchange regarding this dispute is attached as Exhibit C.

By: /s/Patrick M. Dennis