**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Castillo Robles,<br><br>Plaintiff,<br><br>v.<br><br>American Zurich Insurance Company, et al.,<br><br>Defendants. | No. CV-19-05863-PHX-DJH<br><br>**ORDER** |

Defendants have filed a Daubert Motion to Exclude Testimony From Plaintiff's Expert Elliott Flood. (Doc. 120). Plaintiff has filed a Response (Doc. 121). The Court now issues its Order.

A. **Background**

1. **Facts**[1]

Plaintiff was an employee of JBS Holdings, a company insured by Defendants American Zurich. Defendant Sedgwick Claims Management Services, Inc. and Shelly Stephens handled Plaintiff's claim on behalf of American Zurich. On November 7, 2017, Plaintiff alleges to have accrued an on-the-job left shoulder injury. Plaintiff alleges that the Defendants failed to conduct a reasonable investigation of his claim, ignored the medical and other evidence that confirmed coverage and wrongfully denied his claim. Defendants assert that they did not act unreasonably in handling Plaintiff's claim, they undertook a reasonable investigation of his claims for back, shoulder and neck injuries and found pre existing injuries. Defendants contend that there was confusion over Plaintiff's

---

[1] The facts are as stated in the parties Final Pretrial Order (Doc. 107) and pending Motions.

date of injury and the scope of it, thus they undertook additional investigations. Defendants did find that Plaintiff suffered a compensable claim for his shoulder, but not for his neck and back complaints.

### 2. Plaintiff's Expert Mr. Flood

Mr. Flood is a former insurance company executive who now serves as an independent consultant and expert witness. (Doc. 99 at 6–17). He was retained to provide his expert opinion on "insurance industry customs, practices and standards based on [an] analysis of the records related to [Plaintiff's] claims." (*Id.*) Plaintiff specifically "asked for [Mr. Flood's] opinion whether American Zurich followed insurance industry standards in the handling of Mr. Robles' claim." (Doc 120-1 at 2).

Mr. Flood developed his opinions after a "review of the discovery responses and business records produced by [Defendants]." (*Id*. at 7). He reasons that "[r]eviewing insurer internal records is the customary method used by a claims manager or auditor to determine if the claim was handled properly or not." (*Id*.) Mr. Flood "determined that Arizona claim handling standards are very similar, in most cases, identical, to national industry standards for good faith and fair claim handling." (*Id*. at 5). In his report, he lists those claim handling standards. Notably, he references specific Arizona Workers' Compensation statutes and the Arizona Unfair Claim Settlement Practices Act as "[*e*]*xamples* of industry standards applicable to Mr. Robles' claim." (*Id.* at 6) (emphasis added). Mr. Flood opined that "Zurich departed from accepted industry standards for claim handling. Zurich delegated all claims handling to Sedgwick but did not exercise sufficient oversight to ensure that Sedgwick promptly handled [Plaintiff's] claim in accordance with industry standards." (*Id.*)

### B. Legal Standard

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999). A qualified expert may testify on the basis of "scientific, technical, or other specialized knowledge" if it "will assist the trier of fact to understand

the evidence," provided the testimony rests on "sufficient facts or data" and "reliable principles and methods," and "the witness has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d).  An expert may be qualified to testify based on his or her "knowledge, skill, experience, training, or education." *Id.* The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. "The inquiry envisioned by Rule 702" is "a flexible one." *Id*. at 594.  The proponent of expert testimony has the ultimate burden of showing that the expert is qualified and the proposed testimony is admissible under Rule 702. *See Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

That the opinion testimony aids, rather than confuses, the trier of fact goes primarily to relevance. *See Temple v. Hartford Ins. Co. of Midwest*, 40 F.Supp. 2nd, 1156, 1161 (D.Ariz. 2014) *citing Primiono v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, an expert witness, "cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury on the applicable law is the exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info, Sys., Inc*., 523 F.3d 1051, 1058 (9th Cir. 2008). An expert may refer to legal provisions but may not reach legal conclusions. *See Hangarter v. Provident Life & Accident Insurance Co*., 373 F.3d 998, 1016-17 (9th Cir. 2004).

C. **Analysis**

Defendants do not challenge Mr. Floods qualifications.  Rather, they ask the Court to preclude the entirety of Mr. Flood's opinion, and specifically to preclude him from "instructing the jury as to the law including ultimate issues of the law" and  "from referencing the Arizona Unfair Claims Settlement Practices Act or the Unfair Claims Settlement Practices Regulations." (Doc. 120 at 3).  Defendants' assert that Mr. Flood's "opinions rest on faulty principles" and thus his testimony does not satisfy Fed. R. Evid.

702((3)-(4)[sic]. They further argue that his application of the standards are "disguised attempts to instruct the jury on the law." (Doc. 120 at 5). Essentially, the Defendants argue that he intends to express a legal opinion on an ultimate issue of law. So, they say, Mr. Flood may not state his opinion on whether Defendants acted reasonably pursuant to the industry standards or opine on the law governing insurance claim handling.

Plaintiff responds that some of Mr. Floods opinions reference the aforementioned laws and regulations, but that his report and opinions are "based on decades of experience implementing and teaching industry standards for appropriate claim handling." (Doc. 121 at 1). Plaintiff adds that Mr. Flood's references to the Arizona Unfair Claims Settlement Act "are provided to assist the jury in understanding the standards of conduct for insurers." (*Id.*) Plaintiff also states that Mr. Flood will not provide testimony on legal conclusions to the jury. (*Id*. at 2).

The Court concludes that Plaintiff's expert meets the Rule 702 criteria. First, it is reasonable, indeed expected, for an expert to explain the methodology he uses to form his opinion. Mr. Flood appears to have necessarily identified the national, and local standards that apply to the claims handling decision, then he applied those standards to the facts here. In insurance claims handling cases, this methodology is appropriate under Rule 702. *See Temple*, 40 F.Supp. at 1161 ("Both Arizona law and Ninth Circuit law recognize that experts in the area of insurance claim handling are proper, that they may testify regarding the application of industry standards to claim handling, and that they may refer to legal precedent to the extent necessary to explain the facts of their opinion."). The Court is satisfied that Mr. Flood meets the criteria as set forth in Rule 702 (a)-(d).

The Court recognizes that there is a fine line between testifying about how legal precedent applies to the alleged facts and providing a legal conclusion. For example, in *City of Phoenix v. First State Insurance Co.*, 2016 WL 4591906 (D. Ariz. Sept. 2, 2016), a district court precluded an expert from testifying because his opinion invaded the court's province by expounding on the law or invaded the jury's province by resolving facts. *Id.* at *19. That decision is illustrative of what is unacceptable legal opinion testimony.

Plaintiff avows that Mr. Flood will not opine on such legal conclusions. And the Court will hold Plaintiff to that. Accordingly,

**IT IS ORDERED** denying Defendants' Motion in Limine (Doc. 120).

Dated this 7th day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge